**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



**Dated: January 31, 2017**

C. Kathryn Preston
United States Bankruptcy Judge

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 04-51255 through |
| | : | 04-51261 |
| | : | Jointly Administered |
| ORMET CORPORATION | : | (Case No. 04-51255) |
| A Delaware corporation, et al. | : | |
| | : | Chapter 11 |
| | : | |
| Debtor in Possession | : | Judge C. Kathryn Preston |

### ORDER ON MOTION TO RECONSIDER (Doc. #2526)

This matter came on for consideration by the Court of the *Motion to Reconsider* (Doc. #2526) (the "Motion") filed by Jeffrey D. Butler ("Movant") on September 29, 2016. The Motion seeks relief from this Court's *Order Denying Motion for Relief from Dismissal Order Pursuant to Fed. R. Bankr. P. 9024 (FRCP 60) Pursuant to 11 U.S.C. 727 and Fed R. of Evidence 201 . . . and Motion to Reopen Case . . .* (Doc. #2524) (the "Order") that was entered September 13, 2016.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order #05-02 entered by the United States District Court for Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

On August 18, 2016, the Court entered the *Order Denying Second Amended Motion Pursuant to Section 1930 and LBR 9013-3(b) of the Bankruptcy Code to Waive Filing Fees to Reopen Case in Response to Court's Order Denying Amended Motion Pursuant to Section 1930 and LBR 9013-3(b)* (Doc. #2522) (the "Order Denying Motion to Waive Filing Fee") whereby the Court ordered Movant to pay the filing fee associated with the Motion to Reopen within twenty-one (21) days of entry of the Order Denying Motion to Waive Filing Fee (i.e., by September 9, 2016.) The Order Denying Motion to Waive Filing Fee further instructed Movant that if he failed to remit the filing fee as directed, the *Motion for Relief from Dismissal Order Pursuant to Fed. R. Bankr. P. 9024 (FRCP 60) Pursuant to 11 U.S.C. 727 and Fed. R. of Evidence 201* (Doc. #2514) and the *Motion to Reopen Case . . .* (Doc. #2517) may be denied without further notice or hearing. Movant failed to pay the filing fee as directed by the Order Denying Motion to Waive Filing Fee.

The Movant alleges in the Motion that he "submitted an Official Form B 3 A Application for Individuals to Pay the Filing Fee in Installments" (the "Application") along with a money order (the "Money Order") in the amount of $30.00 as the first of his four installment payments. Movant argues that the Order should be reconsidered because he mailed the Application and Money Order on September 6, 2016, prior to the deadline for paying the filing fee associated with the *Motion to Reopen*. However, neither the Application nor the Money Order was received by the Clerk's Office. It is unclear whether the Motion is premised on Federal Rule of Bankruptcy Procedure 9023 or 9024. The Court will therefore consider both options.

There is no recognition of a motion to reconsider in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Courts treat such motions as motions to alter or amend judgment under Bankruptcy Rule 9023.  *See, e.g., Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 460 (6th Cir. 1999).

Bankruptcy Rule 9023 states simply, "Except as provided in this rule . . . Rule 59 F.R.Civ.P. applies in cases under the [Bankruptcy] Code.  A motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment."  Fed. R. Bankr. P. 9023. There are no standards for filing of such a motion set forth in Bankruptcy Rule 9023 or Civil Rule 59. The courts have filled in that gap, establishing four grounds for a motion to alter or amend a judgment: (1) an intervening change in the controlling law; (2) newly discovered evidence; (3) to correct clear legal error; and (4) to prevent manifest injustice.  *Henderson v. Walled Lake Consol. Sch.*, 469 F. 3d 479, 496 (6th Cir. 2006).  *See also* 12 Moore's Federal Practice ¶ 59.30[5][a] p. 59-110 (3d ed. 2009).  Generally, courts may grant a new trial if the judgment is against the weight of the evidence, a damages award is excessive, if the trier of fact was influenced by prejudice or bias, or the trial was unfair to the moving party.  *Conte v. Gen. Housewares Corp.,* 215 F. 3d 628, 637 (6th Cir. 2000) (citations omitted).  Movant has not shown that there is any basis for reconsideration of the Dismissal Order under Civil Rule 59.  The Motion contains no allegations that there is (1) an intervening change in the controlling law; (2) newly discovered evidence; (3) clear legal error that needs corrected; or (4) a basis to reconsider so as to prevent manifest injustice. Furthermore, the Motion is untimely under Bankruptcy Rule 9023 because it was filed more than fourteen (14) days after the entry of the Order; the Order was entered September 13, 2016, but the Motion was not filed until September 29, 2016.  For these reasons, Movant is not entitled to relief under Bankruptcy Rule 9023.

Bankruptcy Rule 9024 makes Federal Rule of Civil Procedure 60 applicable in bankruptcy cases. Civil Rule 60(b) provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

F.R.Civ.P. 60(b). The Motion fails to state any basis for relief that might fit into the first five enumerated grounds laid out in Civil Rule 60(b). The question then is whether the Motion provides "any other reason that justifies relief."

Civil Rule 60(b)(6) was "meant to provide for situations of extreme hardship," *United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953), so courts should apply it "only in exceptional or extraordinary circumstances." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). The Motion asserts that Movant mailed the Application and Money Order on September 6, 2016. As support for this assertion, Movant attached to the Motion what appears to be a Customer's Receipt from the United States Postal Service showing the purchase of a money order in the amount of $30.00; in the "Pay to" section is handwritten "Clerk of United States Bankruptcy."

As stated above, neither the Application nor the Money Order was received. As part of its regular daily routine, the Clerk's Office maintains a log of all checks and money orders received through the United States mail. They also keep a record of all paper filings received. A thorough

4

review of the Clerk's Office records shows that no documents or money orders were received from Movant during the time period beginning August 31, 2016 through October 6, 2016, with the exception of the instant Motion which was received and filed on September 29, 2016. The Court notes that the United States Postal Service offers several methods to track or verify delivery of mailed items, such as certified mail, but Movant chose not to avail himself of any of those services. The Motion includes neither a receipt showing delivery was made nor a signature confirmation naming the person who signed for the item, both of which are common practice when sending funds through the mail, and either of which would constitute adequate proof of delivery. The United States Post Service also provides a mechanism for obtaining a copy of a cashed money order. This would provide definitive proof that the installment payment was received and report the name of the individual or entity that cashed the money order, but no such copy was attached to the Motion. It was Movant's responsibility to ensure that his payment was timely received by the Clerk's Office, and the Motion contains no reliable evidence sufficient to conclude that this occurred or that it was even attempted. Movant's the-check-was-in-the-mail explanation simply does not rise to the level of exceptional and extraordinary circumstances that would justify granting relief under Civil Rule 60(b)(6).

Furthermore, the Motion is technically deficient. Local Bankruptcy Rule 9013-3(b)[1] requires that all motions "be served on the debtor, the debtor's case attorney, the trustee, the United States Trustee, each committee appointed pursuant to the Code, upon any party directly affected by the relief sought, and upon any party who specifically requested notice." If no committee has been appointed in a Chapter 11 case, service must be made upon the 20 largest unsecured creditors.

---

[1] The Local Bankruptcy Rules, Forms and Procedures used in the Southern District of Ohio were recently updated, effective November 1, 2016. As the Motion was filed on September 29, 2016, prior to the recent revisions, the Court applies the Local Rules in force at that time.

5

LBR 9013-3(c).  The certificate of service attached to the Motion does not indicate that Movant served the Motion on the proper parties as required by the Local Rules.

Local Bankruptcy Rule 9013-1(a)(1)(C) provides that each motion filed with the Court must be accompanied by a twenty-one (21) day notice that substantially complies with either Official Form 20A or the sample notice set forth in Local Bankruptcy Rule 9013-1(a)(2).  LBR 9013-1(a)(1)(C).  The notice attached to the Motion does not identify the party seeking relief and therefore falls short of substantial compliance.  Accordingly, it is

**ORDERED** that the *Motion to Reconsider* (Doc #2526) is DENIED.

**IT IS SO ORDERED.**

COPIES TO:

Default List Plus Creditors' Committee

Jeffrey D. Butler
126 Wilkinson Street
Jackson, TN 38301

###